IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


CLINTON ROSS,

       Petitioner,

v.                                    CASE NO. 5:08-cv-188-MCR-AK

JAMES MCDONOUGH,

       Respondent.

_____/


## REPORT AND RECOMMENDATION

       This cause is before the Court for consideration of Petitioner's petition for writ of habeas corpus.[1]  Doc. 1.  Respondent has filed a response, Docs. 23 & 25, and Petitioner has filed a reply.  Doc. 27.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

       In 1988, Petitioner was charged with one count of attempted murder and one count of armed robbery.  The attempted murder count was charged as either premeditated or done during the commission of another felony.  Doc. 25, Ex. A.  A jury convicted Petitioner, and the court, after finding him to be an habitual violent felony offender (HVFO), sentenced him to life imprisonment on the attempted murder and to life imprisonment on the armed robbery, to run consecutively.  Doc. 25, Ex. C.

---

[1]This case was originally filed in the Gainesville Division, *see* Cause No. 1:06cv232-MMP/AK (N.D. Fla).  Because Petitioner's conviction occurred in Washington County, Florida, the undersigned directed an intradistrict transfer to the appropriate division point.  While this transfer did not affect the undersigned's assignment to this case, it did result in the assignment of a different district judge.

The court of appeal affirmed. *Ross v. State*, 567 So.2d 554 (Fla. Dist. Ct. App. 1990). Except for citations to cases related to the HVFO statute, the court did not otherwise explain its decision.

Beginning in February, 1997, Petitioner filed a plethora of state court motions. While his first Rule 3.850 motion was unsuccessful, *see* Doc. 25, Ex. G, his second motion resulted in the entry of an amended judgment in October, 1999. Doc. 25, Ex. M. In this judgment, the court ordered the two life sentences to run concurrently, rather than consecutively, and classified the attempted murder conviction as a first degree felony and the armed robbery as a life felony. *Id*.

Petitioner then filed a third 3.850 motion and a second 3.800 motion, attacking, in part, his life sentence for the armed robbery on the basis that HVFO sentencing was not available for a life felony. Doc. 25, Ex. U & V. On October 23, 2002, Petitioner appeared before the court to withdraw "all of [his] previously entered motions in regards to the matter of the armed robbery charge only." Doc. 25, Ex. W. He also agreed to "plead guilty to armed robbery and receive a sentence of thirty years" with credit for time served. *Id*. In imposing the thirty-year sentence, the court made it clear that it was "concurrent with the sentence imposed on the charge of attempted murder." *Id*. Though it referenced the statutes for murder and robbery, the subsequently entered judgment covered only the armed robbery count. Doc. 25, Ex. X.

Petitioner then filed a third 3.800 motion and a fourth 3.850 motion, claiming that the life sentence for attempted first degree murder exceeded the statutory maximum sentence. Doc. 25, Ex. Y & Z. The court denied the 3.800 motion, finding it without merit based on the language of the habitual offender statute, but there is no indication that it formally ruled on the 3.850 motion. Doc. 25, Ex. AA. The denial was affirmed on appeal. Doc. 25, Ex. DD.

Undeterred, Petitioner filed a fifth Rule 3.800 motion, arguing, in part, that because the attempted murder conviction should have been reclassified as a life felony for his use of a weapon, he was improperly sentenced as an HVFO.  Doc. 25, Ex.  FF.  The court rejected this claim:

> As to Defendant's first claim, absent a special verdict form reflecting the jury's separate finding that the defendant used a weapon during the commission of the attempted first degree murder, his conviction could not be reclassified as a life felony.  Furthermore, the allegation of the defendant's use of a weapon in another count of the information could not serve to support the imposition of the firearm enhancement.  In the case at bar, the jury made no such finding; therefore, it was proper that his offense was not reclassified as a life felony.  Even had Defendant's offense been reclassified as a life felony, he would still have received a life sentence pursuant to Fla. Statute 775.082(3)(a) (1987).  Consequently, Defendant's sentence is legal and he is due no relief.

Doc. 25, Ex. II.  Petitioner sought rehearing, alleging that because the October, 2002, judgment rendered the 1999 judgment null and void and made no mention of the attempted murder conviction, he should be released, as he had served his sentence for the armed robbery. According to Respondent, the court never ruled on the motion for rehearing.

Petitioner then filed a petition for writ of mandamus, raising the claim that he was entitled to release because the 2002 judgment did not include an adjudication or sentence for attempted murder.  The court of appeal treated the motion as a petition for writ of habeas corpus and denied it on the merits.  Doc. 25, Ex. MM.

The instant petition followed.  On this occasion, Petitioner alleges two grounds for relief: (1) that the attempted murder verdict was ambiguous and that the State failed to prove all the elements of the crime, and (2) that the entry of the 2002 judgment rendered the 1999 judgment null and void and because the factual basis for the 2002 plea encompassed the elements of both charges, only the thirty-year sentence remains in effect.  Doc. 1.

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law.  Instead, this Court must look to the specific holdings of Supreme Court cases themselves.  If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law.  *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision.  *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation.  *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution.  *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  This limitation on federal

habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

It is difficult, because of the number of state court motions filed by Petitioner and

because of the posture which the state court has left the record, to be certain whether this

petition is timely and exhausted.  The state court ruled on most of Petitioner's motions,

but not all of them, and though this creates a question of exhaustion, the Court

thoroughly understands how the court might have overlooked some of Petitioner's

requests for relief given the number and variety of ways and the haphazard and piecemeal

manner that he presented the issues to that court.  Though the transcript of the "Plea and

Sentence" dated October 23, 2002, makes clear that the 1999 judgment on the attempted

murder conviction was left intact, since the new prison term of thirty years on the armed

robbery conviction was to run "concurrent with the sentence imposed on the charge of

attempted murder," if the court had simply entered an amended judgment fully

encompassing Petitioner's sentences on both convictions in one document, there would

be no issue of timeliness whatsoever.   *See Ferreira v. Secretary*, 494 F.3d 1286, 1292

(11th Cir. 2007) (relying on *Burton v. Stewart*, ____ U.S. ____, 127 S.Ct. 793, 166 L.Ed.

2d 628 (2007), court found pertinent judgment under one-year statute of limitations "is

the underlying conviction and most recent sentence that authorizes the petitioner's

current detention").

        Thus, the Court believes it a better use of judicial resources to assume timeliness

and exhaustion and proceed to the merits of the claims.

        1.      Attempted murder verdict.

        To the extent that Petitioner claims the verdict was ambiguous, this is a matter

purely of state law which must be raised in the trial court before the discharge of the jury.

Otherwise, it is waived on appeal.  *Whilden v. State*, 301 So.2d 35, 36 (Fla. Dist. Ct. App.

1974) (form of verdict must be objected to in trial court before discharge of jury or claim

is waived); *Licata v. State*, 88 So. 621, 622 (Fla. 1921) (any words which convey beyond

reasonable doubt meaning and intention of jury are sufficient for criminal verdict).  The

Court can find no constitutional basis for this claim, and therefore, it is not subject to

further consideration in this proceeding.  As the state court pointed out in one of its

rulings, to reclassify Petitioner's conviction for attempted first degree murder from a first

degree felony to a life felony, thereby making it ineligible for HVFO enhancement, the

parties would have had to request a special verdict form and the jury would have had to

make a separate finding that Petitioner used a weapon during the commission of the

attempted first degree murder.  This finding highlights the state law nature of this claim,

which is, in any event, entitled to deference by this Court.

    To the extent that Petitioner claims the State failed to prove the elements of

attempted murder, the claim fails.  Without dispute, before one can be found guilty of a

crime, the Due Process Clause requires "proof beyond a reasonable doubt of every fact

necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S.

358, 364 (1970).   At the time of Petitioner's conviction, neither attempted first degree

premeditated murder nor attempted felony murder required as an element the use of a

weapon.  *See Amlotte v. State*, 456 So.2d 448, 449 (Fla. 1984) (elements of attempted

felony murder are perpetration of enumerated felony and intentional overt act which

could, but does not, cause death of another), *receded from by State v. Gray*, 654 So.2d

552, 553-54 (Fla. 1995) (finding there is no criminal offense of attempted felony murder

in Florida); *Fla. Standard Jury Instructions in Crim. Cases* 6.2 (elements of premeditated

first degree murder are some act by defendant intended to cause death of victim that went beyond just thinking or talking about it, defendant acted with premeditated design to kill victim, and act would have resulted in victim's death except that defendant failed to do so).  While the State did have to prove that Petitioner carried a deadly weapon in the course of committing the robbery in order to sustain a conviction for robbery with a deadly weapon, or armed robbery, it did not have to prove he carried a deadly weapon to convict him of attempted first degree murder.

This claim is therefore without merit.

2.      The 2002 judgment.

The state court made it perfectly clear that the 2002 proceeding affected only the conviction on the armed robbery charge.  While an amended judgment reflecting both the life sentence on the attempted murder conviction and the newly imposed thirty-year sentence on the armed robbery conviction would have resolved or negated many issues now at hand, this Court does not sit to tell a state court what form its criminal judgments must take.  That is plainly a matter of state law and does not implicate the Constitution or laws of the United States.  Furthermore, Petitioner's plea to armed robbery was obviously voluntarily and knowingly made, though against advice of counsel, and the court's review of the factual basis for the plea--which included Petitioner's agreement that he "robbed the store and...had a screwdriver" with which he struck the victim--was necessary for acceptance of the plea since to sustain a conviction for robbery with a deadly weapon, Petitioner had to admit that he carried the screwdriver not to use for its common everyday intended function, but to use "in a way likely to produce death or great

bodily harm." *Fla. Standard Jury Instructions in Crim. Cases* 15.1.  There was no

intention on the part of the court to delve into or address any of the elements related to

the attempted murder, as Petitioner had agreed to plead guilty only to the armed robbery

charge.  As Respondent points out, "One wonders how the resentencing court could have

made it more explicit...."

　　　　This claim is without merit.

## <u>CONCLUSION</u>

　　　　Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of

habeas corpus, Doc. 1, be **DENIED**, and that this cause be **DISMISSED WITH**

**PREJUDICE.**

　　　　**IN CHAMBERS** at Gainesville, Florida, this  *18th* day of June, 2008.


　　　　　　　　　　*s/ A. KORNBLUM*　　　　　　　　　
　　　　　　　　　　**ALLAN KORNBLUM**
　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**